UNITED COMPANIES FINANCIAL CORPORATION

v.

**Luther DAVIS and Marcille Davis.**

**Civ. A. No. 92–1087.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Nov. 16, 1992.

B. Franklin Martin III and Rudy J. Cerone, New Orleans, LA, Edward A. Kaplan, Alexandria, LA, for plaintiff.

Catherine L. Stagg, Monroe, LA, for defendants.

LITTLE, District Judge.

The United States Bankruptcy Court for the Western District of Louisiana confirmed a modified version of the Chapter 13 plan proposed by Marcille and Luther Davis (the debtors). The plan bifurcated a mortgage lien claim on the debtors' principal residence into secured and unsecured

claims, and the bankruptcy court found that the secured portion of the bifurcated claim held by the lender, United Companies Financial Corporation (United), was not afforded any protection under 11 U.S.C. § 1322(b)(2) because there was other security for the loan in the form of credit life [1] and disability insurance. United has appealed the decision of the bankruptcy court asserting that a claim secured by a mortgage on debtors' residence may not be bifurcated into secured and unsecured claims and that credit life and disability insurance is not "additional security" that would cause a secured claim to be removed from the protection of § 1322(b)(2). For the following reasons, we reverse the decisions of the bankruptcy court.

## FACTS

The facts of this case are uncontested. Debtors obtained a loan from United and secured it with a home mortgage. The mortgage required debtors to purchase property insurance for the residence. The debtors voluntarily purchased a credit life and disability insurance policy from United, designating United as the beneficiary. On 9 August 1991 debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The debtors' plan described the security held by United as "First mortgage on home; property; credit life, & credit disability insurance." The plan valued the collateral held by United at $10,000 and treated the balance as unsecured. United objected, relying on 11 U.S.C. § 1322(b)(2), and asserted that United was fully secured in the amount of $45,000. The parties offered appraisals of $26,000 and $26,500 and stipulated to a value of $26,250, with United reserving its objection under section 1322(b)(2).

---

**1.** The term "credit life" is often used to refer to "insurance sold to debtors for the purpose of satisfying any unpaid balance of the debt existing upon death of the debtor during the intended term of a loan." *In re Washington,* 967 F.2d 173, 173 n. 1 (5th Cir.1992) (quoting *In re Stiles,* 74 B.R. 708, 710 (Bankr.N.D.Ala.1987)).

**2.** Section 506(a) of Title 11 provides:

Section 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

· (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2).

United filed an objection with the bankruptcy court asserting two claims. United objected to the bankruptcy court's decision to bifurcate the claim secured by a mortgage on debtors' residence into secured and unsecured claims. United also argued that the prohibition of modification as stated in section 1322(b)(2) was applicable because the credit life and disability insurance were not "additional security." In its opinion, the bankruptcy court overruled United's objections and subsequently confirmed the debtors' modified Chapter 13 plan. United has now filed an appeal with this court.

## STANDARD OF REVIEW

▉ Findings of fact made in a bankruptcy proceeding will not be set aside unless clearly erroneous. *In re Monning's Dept. Stores, Inc.,* 929 F.2d 197, 200 (5th Cir.1991). Conclusions of law, however, are subject to plenary review on appeal. *Id.* at 201.

## A CLAIM SECURED BY A MORTGAGE MAY NOT BE BIFURCATED INTO SECURED AND UNSECURED CLAIMS UNDER 11 U.S.C. § 1322(b)(2)

▉ The bankruptcy court, reasoning that § 1322(b)(2) is intended to secure only that portion of the claim that is truly secured under 11 U.S.C. § 506 [2], bifurcated

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff ... and is an unsecured claim to the extent that the value of such creditor's interest or the

United's claim into secured and unsecured claims. The bankruptcy court noted in its Reasons for Decision that this approach is favored by many courts. At the time the bankruptcy court made this determination, the Fifth Circuit had not rendered a decision on the specific issue of bifurcation of a home mortgage in Chapter 13 proceedings. But, on 13 August 1992, the Fifth Circuit addressed this very issue. *In re Nobleman* 968 F.2d 483 (5th Cir.1992), petition for certiorari filed (Oct. 13, 1992). Noting that the prohibition set forth in section 1322(b)(2) appears to conflict with section 506(a), the Fifth Circuit stated:

> The bifurcation of an undersecured home mortgage runs afoul of the specific protection afforded under section 1322(b)(2) to home mortgage creditors whose claims are secured only by a debtor's principal residence. Section 506(a) cannot be used to bifurcate the claim and vitiate the protection of section 1322(b)(2).

*Id.* at 489.

In light of the Fifth Circuit's recent decision on this matter, we find that the bankruptcy court erred in bifurcating United's claim into secured and unsecured claims.

## CREDIT LIFE AND DISABILITY INSURANCE ARE NOT "ADDITIONAL SECURITY" UNDER 11 U.S.C. § 1322(b)(2)

The second issue on appeal is whether credit life and disability insurance qualify as "additional security" under 11 U.S.C. § 1322(b)(2). If so, the indebtedness is subject to tampering by the debtor. The bankruptcy court, relying on *Oak Tree Savings Bank v. Washington*, No. 90–2752 (W.D.La. July 30, 1991), held that policies providing for payment of proceeds to a lender in full or partial satisfaction of the debt constituted additional security. Following the bankruptcy court's decision, however, the Fifth Circuit reversed *Oak Tree Savings Bank*. In its decision entitled *In re Washington*, 967 F.2d 173 (5th Cir.1992), the Fifth Circuit stated, "The

plain meaning of section 1322(b)(2)'s language establishes that its purpose is to protect creditors.... [I]nterpreting 'additional security' to include optional credit life and disability insurance would defeat this purpose for such insurance has become a standard accompaniment for mortgage loans." *Id.* at 175 (footnotes omitted).

 Debtors attempt to distinguish *In re Washington* from their own bankruptcy proceedings by pointing out that in the last paragraph of its decision the Fifth Circuit states that "[a]lthough it is conceivable that a credit life and disability policy that (1) is a prerequisite for obtaining a loan, (2) was separately pledged as additional security, and (3) contains an assignment of interest or (4) contains other language perfecting a security interest in the policy might serve as 'additional security' for section 1322(b)(2) purposes, this is not the case before us." *Id.* at 176 (footnotes omitted). It is debtors' argument that the credit life and disability insurance policies they procured from United do have assignments of interest and therefore satisfy the third factor. While it is true United is the beneficiary under the policies, this alone is not enough to satisfy the situation the Fifth Circuit anticipated. As we read the Fifth Circuit's opinion, the four factors listed are not disjunctive but conjunctive. It is not enough that the insurance policies at issue satisfy one factor; rather the first three factors must be satisfied with the third factor being satisfied by either the third or fourth factor. Since the credit life and disability policies the debtors obtained from United were not a prerequisite for obtaining the loan, we find that the policies were not "additional security," and therefore United should have been afforded the protection of 11 U.S.C. § 1322(b)(2). Accordingly, we REVERSE the bankruptcy court's decision.

---

amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a).